IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03251-BNB

RAENE' RAE READ,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

---

SECOND ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Raene' Rae Read, initiated this action by filing a *pro se* Complaint (ECF No. 1). On January 10, 2014, the court entered an order directing Ms. Read to file an amended complaint within thirty days that clarifies the claims she is asserting and that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Ms. Read has not filed an amended complaint as directed. Instead, on February 5, 2014, she filed a letter (ECF No. 7) that clarifies she is seeking judicial review of the final decision of the Commissioner of Social Security because she has attached to the letter a copies of the Notice of Appeals Council Action issued in her Social Security case on September 25, 2013. (*See* ECF No. 7 at 3-5.) Ms. Read will be given one final opportunity to file an amended complaint.

    Ms. Read must file a pleading that complies with the pleading requirements of Rule 8 in order for the court to review the final decision of the Commissioner of Social Security. The complaint "must contain (1) a short and plain statement of the grounds for

the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Ms. Read must allege the reason her claim was denied and why she believes the decision was erroneous. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). In order to satisfy the requirements of Rule 8, it may be helpful for Ms. Read to attach to her amended complaint a copy of the decision of the administrative law judge denying her claim for benefits in addition to alleging the specific facts that support her claim.

If Ms. Read fails within the time allowed to file an amended complaint that complies with this order and the pleading requirements of the Federal Rules of Civil Procedure, the instant action will be dismissed without prejudice. Ms. Read is warned that, even if the action is dismissed without prejudice, the dismissal may bar recovery if the time for filing an action seeking review of the denial of social security benefits expires. *See Rodriguez v. Colorado*, 521 F. App'x 670, 671-72 (10th Cir. 2013). Pursuant to Section 205(g) of the Social Security Act, a civil action must be commenced "within sixty days after the mailing to him of notice of [any final decision of the Commission of Social Security] or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). Accordingly, it is

ORDERED that Ms. Read file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8. It is

FURTHER ORDERED that Ms. Read shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Ms. Read fails within the time allowed to file an amended complaint that complies with this order as directed, the action will be dismissed without further notice.

DATED February 18, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge